IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE MANNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:25-cv-00457-RAH |
| ) | |
| EXTRA SPACE STORAGE, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Willie Manning's *Motion to Remand* (doc. 27), filed on July 28, 2025. The motion has been fully briefed and is ripe for review. After careful consideration and after hearing oral argument, the Motion is due to be **DENIED**.

On November 14, 2024, Manning filed suit against Extra Space Storage, Inc. in the Circuit Court of Montgomery County, Alabama. Thereafter, on May 20, 2025, Manning filed an amended complaint that added ESIS, Inc. and Occidental Fire and Casualty Company of North Carolina as defendants. On June 18, 2025, twenty-nine days after the amended complaint was filed, ESIS and Occidental timely filed a Notice of Removal with this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Manning now moves to remand the case back to state court.

Removal to federal court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between–

[] citizens of different States . . . ." *Id.* at §§ 1332(a)–(1). To do so, a defendant must file a notice of removal "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading . . . or within 30 days after the service of the summons upon the defendant . . . ." *Id.* at § 1446(b). Moreover, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* at § 1446(b)(2)(A). However, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." *Id.* at § 1446(b)(2)(C). When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005) (citing 28 U.S.C. § 1441(b)). Finally, for citizenship purposes, a corporation is a citizen of every state where it is incorporated and where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c).

Manning concedes that the amount in controversy in this case meets the statutory minimum to invoke this Court's jurisdiction. Manning, a citizen of Alabama, also concedes that each of the Defendants is a corporation organized under the laws of states other than Alabama with its principal place of business outside of Alabama. Manning instead argues that, by virtue of Extra Space's actions in registering to do business in Alabama, Extra Space has "admitted to [Alabama] citizenship[,]" and thus, their consent of removal to this Court is ineffective for want of compliance with the forum defendant rule. (Doc. 27 at 3–5.) While a novel theory, Manning fails to support this proposition with any pertinent legal authority. Besides that, Manning is wrong.

In diversity cases, corporate citizenship is determined by the location of the corporate defendant's principal place of business and place of formation. *See* 28

2

U.S.C. § 1332(c). For Extra Space, that is Maryland. That a foreign corporation registers to do business in a state does not mean that that entity becomes a citizen of that state solely by virtue of that registration. 28 U.S.C. § 1332(c) makes that clear. And further, Manning offers nothing from Extra Space's registration process in Alabama that could arguably be construed as an admission or acknowledgment that Extra Space is a citizen of Alabama, that it is prevented from claiming that it is a citizen of another state, or that it maintains a principal office in Alabama. While it is true that a corporate entity can be a citizen of multiple states, Manning offers nothing other than his naked registration theory that Extra Space is a citizen of Alabama.

On the record presented, the Court is sufficiently convinced that it has subject matter jurisdiction over this matter. Accordingly, the Plaintiff's *Motion to Remand* (doc. 27) is **DENIED**.

**DONE** and **ORDERED** on this the 2nd of September 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

3